Stephen M. Lobbin (SBN 181195)
stephen@foundationlaw.com
Austin J. Richardson (SBN 319807)
austin@foundationlaw.com
**FOUNDATION LAW GROUP LLP**
455 South Figueroa Street, Suite 3100
Los Angeles, California 90071
Tel:   949.636.1391

Attorneys for Plaintiff **Founder Starcoin, Inc.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Founder Starcoin, Inc.**, a California corporation,<br><br>                    Plaintiff,<br><br>            vs.<br><br>**Launch Labs, Inc. d/b/a AXIOM ZEN**, a Canada corporation,<br><br>                    Defendant. | Case No. __'18CV0972 W     MDD__<br><br>**COMPLAINT FOR BREACH OF CONTRACT, TRADE SECRET MISAPPROPRIATION, INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Founder Starcoin, Inc. ("STARCOIN") alleges as follows:

<u>The Parties</u>

1.     Plaintiff STARCOIN is a California corporation having its principal place of business in San Diego, California.

2.     Defendant Launch Labs, Inc. d/b/a Axiom Zen ("AXIOM") is a Canada corporation having a principal place of business at 550 15th Street, San Francisco, California 94103, and an Internet home page at <axiomzen.co>.

1

<h2>Jurisdiction and Venue</h2>

3. This is an action including for breach of contract, trade secret misappropriation, intentional interference with prospective economic advantage, and unfair competition. This Court has original jurisdiction over these claims under 18 U.S.C. § 1836(c) and 28 U.S.C. § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367(a).

4. This Court has personal jurisdiction over Defendant AXIOM because, on information and belief, it regularly conducts substantial business in California, including directing advertising to or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in California and in this judicial district, and has directed the illegal acts alleged herein at parties and property in California and in this judicial district.

5. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to STARCOIN's claims occurred in this judicial district, a substantial part of property at issue is situated in this judicial district, and STARCOIN's claims arose in this judicial district.

<h2>Factual Background</h2>

6. STARCOIN focuses its business on creating and marketing "cryptocollectibles." Cryptocollectibles are unique, digital, non-fungible assets built on top of a blockchain and the Ethereum cryptocurrency. Ethereum is an open source computing and currency platform similar to Bitcoin.

7. The collectibles are authenticated using blockchain technology so individuals can claim ownership to them. STARCOIN is currently in the start-up and financing stage, and has attracted considerable interest from investors seeking to capitalize on its revolutionary business model.

8. AXIOM, like STARCOIN, is in the cryptocollectibles business.

9. Effective January 14, 2018, STARCOIN and AXIOM signed and entered into the "Mutual Nondisclosure Agreement" attached hereto as Exhibit A ("MNDA"). By the terms of the MNDA, AXIOM agreed (among other terms) to neither use nor disclose any of the confidential information provided to them by STARCOIN.

10. Pursuant to the MNDA, in January 2018, STARCOIN and AXIOM engaged in serious and substantive communications and sharing of STARCOIN's proprietary information in particular, including wherein STARCOIN disclosed to AXIOM certain confidential business and marketing plans, potential clients and client information, pricing information, and regulatory guidelines which AXIOM was interested in acquiring ("Confidential Information").

11. The Confidential Information included, in particular, business and marketing strategies, potential customers and potential customer leads, market analysis, product strength and weaknesses, product features, product positioning for target markets, and regulatory strategies.

12. The participants in the email communications included Jevon Feinblatt, CEO of STARCOIN, and Jody Rebak, Chief of Staff of AXIOM.

13. At no time before, during or after any of these and communications did AXIOM state or even indicate that it had been or was then doing any development work concerning the Confidential Information and concepts STARCOIN was disclosing and sharing with them.

14. AXIOM explained, instead, that supposedly they were too busy to discuss the underlying concept with STARCOIN and would have to wait until close to June to discuss collaborating with STARCOIN.

15. AXIOM never stated or otherwise disclosed that they were already working on anything like what STARCOIN had or what STARCOIN showed them.

16. AXIOM never told or otherwise disclosed to STARCOIN they were developing anything related to the Confidential Information and concepts STARCOIN was sharing with them.

17. Axiom also never stated or indicated that they thought what STARCOIN showed them was not, in fact, non-public, confidential, trade secret information.

18. Very recently, within the last few weeks, AXIOM launched a new line of cryptocollectibles which include and utilize the Confidential Information disclosed to AXIOM in February 2018, in confidence and pursuant to the MNDA. In particular, AXIOM has misappropriated the ideas, concepts and details concerning specific STARCOIN business and marketing strategies, potential customers and potential customer leads, and the general foundation, framework, and goal of STARCOIN's entire business.

19. As a result of AXIOM's actions, STARCOIN has suffered and is suffering severe, immediate and irreparable injury.

## FIRST CAUSE OF ACTION

### Breach of Contract

20. Plaintiff hereby incorporates by reference the allegations of Paragraphs 1-19 above, as though fully set forth herein.

21. By the express terms of the MNDA, AXIOM promised and agreed to "not at any time . . . disclose the Confidential Information of the other party to any person or entity without the prior written approval of the disclosing party, or use any such Confidential Information for any purpose . . . unless specifically pre-approved in writing by the disclosing party."  AXIOM also agreed and acknowledged that "any breach of the terms and conditions of this agreement by them would result in significant damage to the disclosing party" and that the "disclosing party shall be entitled to apply for injunctive relief in a court of

4
COMPLAINT

appropriate jurisdiction in the event of the breach or threatened breach of the terms of the agreement."

22. In material breach of the MNDA, AXIOM has used the confidential business and marketing plans, potential clients and client information, which is beyond what the MNDA allowed AXIOM to use.

23. The breaches of the MNDA by AXIOM have caused STARCOIN to suffer actual damages including lost profits, in an amount to be determined at trial, plus consequential damages including attorney fees and expenses, and also have resulted and continue to result in unjust enrichment to AXIOM.

24. STARCOIN also has suffered and continues to suffer irreparable injury and such irreparable injury cannot be remedied adequately unless each AXIOM is enjoined immediately from further breaches.

## SECOND CAUSE OF ACTION

### Trade Secret Misappropriation—18 U.S.C. § 1836(c) *et seq.*

25. STARCOIN hereby incorporates by reference the allegations of Paragraphs 1-24 above, as though fully set forth herein.

26. STARCOIN shared with AXIOM certain valuable information, including the STARCOIN's confidential, proprietary trade secrets.

27. STARCOIN shared its trade secrets with AXIOM under circumstances giving rise to a duty to maintain their secrecy and limit their use, and AXIOM derived the STARCOIN's trade secrets through persons who owed a duty to STARCOIN to maintain their secrecy and limit their use.

28. STARCOIN has undertaken and maintains efforts that are reasonable under the circumstances to maintain secrecy and preserve the confidentiality of the STARCOIN Confidential Information, including STARCOIN's trade secrets. STARCOIN's reasonable efforts have included (a) insisting on measures to ensure only restricted access to the STARCOIN Confidential Information, (b) physical

and electronic security measures, and (c) oral and written confidentiality agreements.

29. The STARCOIN trade secrets derive independent economic value from not being generally known to, and not being reasonably ascertainable through proper means by, customers, competitors and potential competitors of STARCOIN, the public or other persons who could obtain economic value from its disclosure or use.

30. Without the express or implied consent of STARCOIN, AXIOM used, disclosed and/or otherwise misappropriated the trade secrets, despite having a duty to maintain secrecy and limit use and disclosure.

31. As a result of the actions of AXIOM in misappropriating the trade secrets, STARCOIN has suffered actual damages including lost profits, in an amount to be determined at trial, plus consequential damages including attorney fees and expenses. Such damages may include a reasonable royalty for the period of time AXIOM unlawfully used the STARCOIN trade secrets.

32. AXIOM's misappropriation of the STARCOIN trade secrets also has resulted in and continues to result in the unjust enrichment of AXIOM, including but not limited to the tremendous cost savings to AXIOM because the use of the STARCOIN trade secrets.

33. AXIOM committed its acts of misappropriation willfully and maliciously to injure STARCOIN's business and improve its own, thereby entitling STARCOIN to an award of exemplary damages and attorney fees.

34. STARCOIN also has suffered and continues to suffer irreparable injury, including the potential evisceration of STARCOIN's trade secrets at issue because of AXIOM's unauthorized and potentially non-confidential use, disclosure and/or publication of the STARCOIN trade secrets. Such irreparable injury cannot be remedied adequately unless AXIOM is enjoined immediately from further use, disclosure and/or other misappropriation of the STARCOIN trade secrets.

6
COMPLAINT

35. STARCOIN has no adequate remedy at law for the injuries it has suffered and continues to suffer, as it will be impossible for STARCOIN to determine the precise amount of damage it will suffer if AXIOM's conduct is not restrained.

## THIRD CAUSE OF ACTION

### Intentional Interference With Prospective Economic Advantage

36. STARCOIN hereby incorporates by reference the allegations of Paragraphs 1-35 above, as though fully set forth herein.

37. At all times herein, AXIOM has been aware that STARCOIN has relationships with customers and potential investors who are interested in the STARCOIN Confidential Information.

38. By the acts above constituting unauthorized disclosure and use of the STARCOIN Confidential Information, AXIOM has intentionally acted in a manner designed to disrupt the ability of STARCOIN to launch its business.

39. AXIOM's unauthorized disclosure of the STARCOIN Confidential Information has actually disrupted STARCOIN's relationships with its other customers, in a manner that threatens to negate STARCOIN's ability to protect its Confidential Information and launch its products.

40. AXIOM's intentional interference with prospective economic advantage has caused STARCOIN to suffer actual damages including lost profits, in an amount to be determined at trial, plus consequential damages including attorney fees and expenses. Such damages may include a reasonable royalty for the period of time AXIOM unlawfully used the STARCOIN Confidential Information.

41. AXIOM's intentional interference with prospective economic advantage also has resulted in and continues to result in the unjust enrichment of AXIOM, including but not limited to the tremendous cost savings to AXIOM by using the STARCOIN Confidential Information.

42. AXIOM committed its acts of intentional interference with prospective economic advantage willfully and maliciously to injure STARCOIN's business and improve its own, thereby entitling STARCOIN to an award of exemplary damages and attorney fees. STARCOIN also has suffered and continues to suffer irreparable injury, including the potential evisceration of STARCOIN's trade secrets at issue because of AXIOM's intentional interference with prospective economic advantage, and AXIOM's unauthorized and non-confidential use, disclosure and/or publication of the STARCOIN Confidential Information.

43. Such irreparable injury cannot be remedied adequately unless AXIOM is enjoined immediately from further use, disclosure and/or other misappropriation of the STARCOIN Confidential Information, including STARCOIN's trade secrets.

44. STARCOIN has no adequate remedy at law for the injuries it has suffered and continues to suffer, as it will be impossible for STARCOIN to determine the precise amount of damage it will suffer if AXIOM's conduct is not restrained.

## FOURTH CAUSE OF ACTION

### Unfair Competition—Cal. Bus. & Prof. Code §§ 17200 *et seq.*

45. STARCOIN hereby incorporates by reference the allegations of Paragraphs 1-44 above, as though fully set forth herein.

46. By the acts above constituting the unauthorized disclosure and use of the STARCOIN trade secrets and intentional interference with prospective economic advantage, AXIOM has employed unlawful and unfair business acts or practices, in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*

47. AXIOM's unfair competition has resulted in and continues to result in the unjust enrichment of AXIOM, including but not limited to the tremendous cost

savings to AXIOM because of the use of the STARCOIN Confidential Information.

48. AXIOM committed their acts of unfair competition willfully and maliciously to injure STARCOIN's business and improve its own, thereby entitling STARCOIN to an award of exemplary damages and attorney fees.

49. STARCOIN also has suffered and continues to suffer irreparable injury, including the potential evisceration of STARCOIN's trade secrets at issue because of AXIOM's unfair competition and unauthorized and potentially non-confidential use, disclosure and/or publication of the STARCOIN Confidential Information. Such irreparable injury cannot be remedied adequately unless AXIOM is enjoined immediately from further use, disclosure and/or other misappropriation of the STARCOIN Confidential Information, including STARCOIN's trade secrets.

50. STARCOIN has no adequate remedy at law for the injuries it has suffered and continues to suffer, as it will be impossible for STARCOIN to determine the precise amount of damage it will suffer if AXIOM's conduct is not restrained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff STARCOIN prays for judgment and injunctive relief against Defendant AXIOM as follows:

A. Ordering AXIOM to show cause why they should not be enjoined as set forth in this Complaint, during the pendency of this action;

B. Temporarily restraining, and preliminarily and permanently enjoining AXIOM from using, disclosing, or otherwise misappropriating the STARCOIN Confidential Information, including but not limited to STARCOIN's trade secrets embodied therein;

1       C.    Awarding actual damages to STARCOIN in an amount to be determined at trial, including amounts attributable to AXIOM's unjust enrichment and a reasonable royalty, as well as consequential and exemplary damages;

      D.    Awarding STARCOIN its reasonable attorney fees, expenses and costs incurred in this action; and

      E.    Awarding such other and further relief as the court may deem just and proper.

                                Respectfully submitted,

Dated: May 16, 2018          **FOUNDATION LAW GROUP LLP**

                                By:   /s/ Stephen M. Lobbin
                                        Attorneys for Plaintiff